THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMPLOYEE PAINTERS' TRUST; WESTERN WASHINGTON PAINTERS DEFINED CONTRIBUTION PENSION TRUST; DISTRICT COUNCIL 5 APPRENTICESHIP AND TRAINING TRUST FUND; INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; PAINTERS AND ALLIED TRADES FUND; PAINTERS AND ALLIED TRADES LABOR MANAGEMENT COOPERATION INITIATIVE; FINISHING TRADES INSTITUTE,

Plaintiffs,

v.

LORN COATINGS LLC; THAVY LORN; THE NORTH RIVER INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; PROSPECT CONSTRUCTION, INC.; KING COUNTY WASTEWATER TREATMENT DIVISION,

Defendants.

CASE NO. C26-0803-JCC

ORDER OF DEFAULT JUDGMENT

Plaintiffs, THE BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST, *et al.* (collectively "Plaintiffs"), have moved the Court for Default Judgment to be entered against Defendants LORN COATINGS LLC and THAVY LORN ("defaulting defendants"),

jointly and severally. (Dkt. No. 27).

"At the default judgment stage, the court presumes all well-pleaded factual allegations related to liability are true." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014); s*ee TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, factual allegations relating to damages are not taken as true. *Curtis*, 33 F. Supp. 3d at 1211. A "plaintiff is required to prove all damages sought in the complaint, and the court must ensure that the amount of damages is reasonable and demonstrated by the evidence." *Id.*

Having thoroughly considered the motion, accompanying declarations, the complaint, and relevant record, the Court FINDS as follows:

1. The defaulting defendants were validly and properly served via alternative service as authorized by the Court. (Dkt. Nos. 19, 20.)
2. The defaulting defendants have not appeared, nor have they responded to the Complaint within the required timeframe.
3. The Clerk has made an entry of default against the defaulting defendants pursuant to Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55(a). (Dkt. No. 24.)
4. Plaintiffs have presented evidence supporting damages of $17,611.10. (Dkt. Nos. 27–29.)
5. The factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) support granting default judgment in Plaintiff's favor.

**NOW, THEREFORE**, pursuant to Fed R. Civ. P. 55(b)(2), **IT IS HEREBY ORDERED** that Plaintiffs be awarded a Default Judgment against LORN COATINGS LLC and THAVY LORN, jointly and severally, for the following amounts due:

| | | |
|---|---|---|
| Contributions: | $ | 9,932.56 |
| Interest: | $ | 326.97 |
| Liquidated Damages: | $ | 172.33 |
| Attorney Fees: | $ | 5,452.50 |

| | | |
|---|---|---|
| Costs: | $ | 1,726.74 |
| **Total:** | **$** | **17,611.10** |

**IT IS HEREBY FURTHER ORDERED** that upon entry of judgment, Plaintiffs are entitled to post-judgment interest at the highest rate allowed by law.

DATED this 30th day of September 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE